**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**MACK ARTHUR BOWENS**                                                                  **MOVANT**

**v.**                                                                        **No. 2:00CR94-SA-DAS**

**UNITED STATES OF AMERICA**                                               **RESPONDENT**

**ORDER TRANSFERRING CASE TO THE**
**FIFTH CIRCUIT COURT OF APPEALS**

This matter comes before the court on the *pro se* petitioner's re-submission of his request for *habeas corpus* relief under 28 U.S.C. § 2255. This is at least the second motion under § 2255 the Movant has filed; to overcome the prohibition against the filing of a second or successive petition under § 2255(h), the petitioner must show that his motion contains:

1. newly discovered evidence that, if proven and viewed in the light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or

2. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. §§ 2244(b)(1) - (2) and 2255(h). That decision must be made by the court of appeals. *See* §§ 2244(b)(3) and 2255. Until such time that the Movant obtains authorization to proceed from the Fifth Circuit, this court is without jurisdiction to proceed. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration under 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED:**

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek permission to file this successive § 2255 motion;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with §§ 2244(b)(3) and 2255 and *In re Epps*, 127 F.3d at 365; and

3) That this case is **CLOSED.**

**SO ORDERED**, this, the 29th day of April, 2015.

                                                /s/ Sharion Aycock
                                                **U.S. DISTRICT JUDGE**